9 F.3d 113
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Alease RADDEN, Plaintiff/Appellant,
v.
HMO ILLINOIS, INC., Defendant/Appellee.
 No. 92-2357.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 13, 1993.*
Decided Oct. 15, 1993.
 
 Before BAUER and MANION, Circuit Judges, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 Alease Radden ("Radden") filed a complaint against her insurer HMO, Illinois, Inc. ("HMO"), alleging HMO's breach of duty to provide her emergency dental treatment.[1] HMO responded that such treatment was not covered by Radden's insurance policy and that in any event, the statute of limitation had run. HMO moved to dismiss for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(1). The district court granted HMO's motion and dismissed Radden's complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Radden, acting pro se, appeals the dismissal. We review the matter de novo and affirm the district court's judgment.
 
 
 2
 Because both parties are Illinois citizens, diversity jurisdiction is unavailable. 28 U.S.C. Sec. 1332. Radden's pleadings failed to present any federal question. 28 U.S.C. Sec. 1331. Her complaint alleged only HMO's breach of duty under the insurance contract. Additionally, her brief in opposition to HMO's motion to dismiss raised claims of "negligence," "strict liability," "breach of warranty," "fraud," "negligent misrepresentation," and "conscious disregard," all of which are state claims. There is no indication that any of Radden's claims arise under the laws of the United States nor do her pleadings, however liberally construed, reflect any Fourth, Fifth or Fourteenth Amendment issues as she maintained in her jurisdictional statement. Cir.R. 3(c). Since none of Radden's possible claims provides original jurisdiction for the federal court, supplemental jurisdiction is also lacking. 28 U.S.C. Sec. 1367. Accordingly, the district court's judgment is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Radden brought this action six and one-half years after HMO denied her treatment for dental injuries suffered in a slip and fall